## Keegan's Guardian, et al. v. United States Trust Company, Trustee, et al.

(Decided December 3, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Division No. 1).

Guardian and Ward—Foreign Fiduciary—Removal of Funds.—It is not essential to enable a foreign fiduciary of a non-resident adult incompetent to remove the funds of his ward located in Kentucky, for the legislature to provide a specific statutory remedy, and when the funds sought to be removed are *in custodio legis* or in the possession of some trustee or other agency of the court appointed to receive them, the foreign fiduciary may institute a proceeding analogous to that provided by section 2042 of the Kentucky Statutes relating to infants and obtain the necessary removal orders, or might intervene in a proceeding out of which the fund arose and secure the same relief, but in either case the court should require all necessary parties to be brought in and be satisfied of the authority of plaintiff, and in its order guard the interest of all parties.

J. W. FOWLER, JR., and W. W. DOWNING for appellants.

MAT O'DOHERTY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

John Thomas Keegan is an adult person of unsound mind, and a resident of Newton county, Missouri. By

appropriate proceedings in the probate court of that county, it having jurisdiction of the subject matter and of the person of the incompetent, William Green was appointed the fiduciary of the estate of the incompetent, called under the statutes of Missouri a statutory guardian, and corresponding to what our law terms a committee. The fiduciary qualified by executing the required bond and took charge of the estate of his ward.

Some time afterward a suit was filed in the circuit court of Jefferson county, Kentucky, seeking the sale of a lot situated in that county in which the non-resident ward was interested. A judgment was rendered ordering the lot sold, which was done, and the ward's part of the proceeds after defraying the expenses of the suit was $920.00. This sum was ordered to be and was paid to the United States Trust Company, which the Jefferson circuit court appointed as temporary trustee or committee for the non-resident incompetent, for the purpose, as it seems, of collecting the above sum and holding it subject to the future orders of the court.

This proceeding was instituted in the Jefferson circuit court (which decreed the sale of the lot) by appellant as representative of his non-resident ward against the defendant and appellee here for the purpose of obtaining an order from the court directing the defendant to turn over and pay to plaintiff the amount in its hands belonging to plaintiff's ward. With the petition there was filed properly certified copies of the proceedings under which plaintiff was appointed statutory guardian for the non-resident incompetent. A demurrer filed to the petition was sustained, and plaintiff declining to plead further, his petition was dismissed, and complaining of that judgment he prosecutes this appeal.

In the record is an opinion rendered by the trial court from which we gather that he based his judgment upon the theory that there was no statutory authority in Kentucky for the granting of the order prayed for. Reference is made in that opinion to sections 2041 and 2042 of the Kentucky Statutes which deal with the question of the removal from this state of property belonging to a non-resident minor, and since there is no corresponding local statute relating to the removal of the property of a non-resident adult of unsound mind at the instance of his representative, the court was of the

opinion that he was without authority to grant the relief sought.

If the law upon the subject was exclusively statutory and without recognition by the common law, and the statute could not be made by analogy to apply to any other class of incompetents except the ones specifically mentioned in it, there might exist grounds for the judgment appealed from, but in order to obtain the character of relief here sought, we do not regard it as essential that there should be an express statutory remedy provided for the purpose. Under the common law, both in England and in this country, courts of equity jurisdiction have a general supervisory authority over the persons and property of all citizens who are *non sui juris*. To this end they may, upon proper application and showing, appoint representatives for such incompetents, with authority to take charge not only of their persons, but also of their property, dependent upon the facts. 22 Cyc. 1120; 14 R. C. L. 568. Such authority exercised by the chancery courts is bottomed upon the theory that the sovereignty is the general guardian of all incompetents, and that it exercises its functions as such through its chancery courts. Thus, in the authority last referred to it is said:

"While it is often said that the power to appoint guardians is purely statutory, the power in fact lies in the sovereignty of the state, and the procedure only is statutory, and it is the generally accepted view that courts having equity powers possess a general jurisdiction for the appointment of guardians for persons of unsound mind, as well as for infants, where the power has not been taken away by statute."

In most states, however, there have been enacted statutory provisions upon the subject providing remedies covering all questions that might arise, as is illustrated in the case of infants by our legislature enacting sections 2041 and 2042, *supra*. But because there have not been enacted similar local statutes with reference to non-resident adult incompetents, it should not be concluded that the foreign guardian or committee of the former would be without remedy to procure the possession and removal of the personal property of his ward situated in this jurisdiction. To so hold would render our common law impotent in the face of its boasted maxim

that "There is no wrong without a remedy." Broom's Legal Maxims, 5 American edition, star page 180.

There can be no doubt that if the fund sought to be removed was an ordinary debt owing to the non-resident ward the plaintiff and appellant here could without an order of any local court file suit here to recover it. But since the fund in question is, at least in a sense, *in custodio legis*, we think it proper that the consent of the court having the custody of it through and by its appointed trustee should be applied to and its consent given as a condition precedent to its removal to a foreign jurisdiction. The court applied to should of course consider the rights of all parties and withhold its order if the granting of it would be prejudicial to local interested parties, and unless it be thoroughly convinced of the proper appointment and qualification in the foreign jurisdiction of the fiduciary making the application. In this case the remedy employed conforms to that provided by section 2042 of the statute, *supra,* for the removal of property belonging to a non-resident infant, and we see no reason why by analogy that remedy would not be an appropriate one in cases like this one. Plaintiff we think might have interpleaded in the suit in which the sale of the lot was made, if it was still on the docket, or might have redocketed it in the usual way for that purpose and thus obtained his rights, since the end to be accomplished is the obtention of the order in a proceeding where a full hearing may be had and the rights of all parties protected. The adoption of any procedure which does this we think sufficient, especially so in the absence of some specific and exclusive statutory remedy. We therefore conclude that the court was in error in sustaining the demurrer to the petition. In the absence of some justifiable defense, the relief sought should have been granted.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to the petition, and to proceed in accordance with this opinion.